RYAN M. BEST, WSBA No. 33672
BEST LAW PLLC
905 W Riverside, Suite 409
Spokane, Washington 99201
Telephone: (509) 624-4422
Email: ryan.best@bestlawspokane.com

The Honorable Thomas O. Rice

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 1 6 2020

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,
pursuant to 31 USC §3129-3137 et seq.;
ex rel.; JULIE HIGDON, individually
and as owner and agent of SIMPLIFIED
PRACTICE SOLUTIONS; ex rel.
SHELLEY BAKKEN, individually and
as owner and agent of SIMPLIFIED
PRACTICE SOLUTIONS; ex rel.
SIMPLIFIED PRACTICE SOLUTIONS,
a Washington Corporation; and
WASHINGTON STATE
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES ex. rel., JULIE
HIGDON, SHELLY BAKKEN, and
SIMPLIFIED PRACTICE SOLUTIONS
as RCW 74.09.010 – RCW 74.09.090
RELATORS,

Plaintiffs,

vs.

A BRIEF COUNSELING CENTER,
P.S., a Washington corporation d/b/a
HEALTHY COUNSELING CENTER;
DR. RAY SMITH and JANE DOE

No. **2:19-CV-00386**–TOR

**PLAINTIFFS' AMENDED
COMPLAINT FOR 31 USC §3129-
3137, RCW 74.66.010-74.66.080.
*QUI TAM* FALSE CLAIMS/*QUI
TAM* RETALIATION/RCW
74.66.090 et seq.
WHISTLEBLOWER RELIEF,
AND OTHER CLAIMS AND JURY
DEMAND**

[!] **CONFIDENTIAL**

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 1

1    SMITH, individually and as to their
2    marital community; DR. RAY SMITH,
     as owner and agent of A BRIEF
3    COUNSELING CENTER, P.S.; HOLLY
4    MEGINNISS and JOHN DOE
     MEGINNISS, individually, as their
5    marital community, and as a partner and
6    agent of A BRIEF COUNSELING
     CENTER, P.S.; THEODORE SNEED
7    and JANE DOE SNEED, individually, as
8    their marital community, and as a partner
     and agent of A BRIEF COUNSELING
9    CENTER, P.S.; PATRICE GRYPHON-
10   CODD and JOHN DOE GRYPHON-
     CODD, individually, as their marital
11   community, and as a partner and agent of
12   A BRIEF COUNSELING CENTER;
     HEATHER BROWN and JOHN DOE
13   BROWN, individually, as their marital
14   community, and as a partner and agent of
     A BRIEF COUNSELING CENTER,
15   P.S.; and MATTHEW ARQUETTE
16   d/b/a ARQUETTE BUSINESS
     SOLUTIONS, a Washington sole
17   proprietorship, and JOHN/JANE DOES
18   1-99,

19                    Defendants.
20
21          Relators Julie Higdon and Shelley Bakken, on behalf of themselves

22   individually, as owners and agents of Simplified Practice Solutions, and Relator

23   Simplified Practice Solutions, by and through their attorney Ryan M. Best, of Best

24   Law PLLC, bring this action individually, corporately, and as Relators on behalf

25
26
27   PLAINTIFFS' AMENDED COMPLAINT FOR 31
28   USC §3129 et seq. *QUI TAM* FALSE CLAIMS
     /RETALIATION/RCW 74.66.090 et seq.,
     WASHINGTON MEDICAID *QUI TAM* RCW
     74.66.090 et seq., WHISTLEBLOWER RELIEF AND
     OTHER RELIEF AND JURY DEMAND - 2

of the United States of America, Department of Health and Human Services, and Washington State Department of Social and Health Services and allege as follows:

## I. <u>PARTIES AND PROCEDURAL HISTORY</u>

1.1.  The United States, the Department of Health and Human Services, and the Washington State Department of Social and Health Services are the principal victims of Defendants' conduct.

1.2.  At all times material, Relator Julie Higdon (hereinafter "Higdon"), was a resident of Spokane County, Washington.

1.3.  At all times material, Relator Shelley Bakken (hereinafter "Bakken"), was a resident of Spokane County, Washington.

1.4.  At all times material, Relator Simplified Practice Solutions (hereinafter "Simplified"), was a Washington corporation doing business in Spokane County, Washington.

1.5.  At all times material, Department of Health and Human Services Centers for Medicare and Medicaid Services, is a United States entity that pays Medicare benefits to Washington State.

1.6.  At all times material, Washington State Department of Social and Health Services (hereinafter "DSHS"), is a Washington State entity that pays Medicaid benefits in Washington State.

1.7. RCW 74.66.050 authorized Relators, Higdon and Bakken, to bring an action as Relators for DSHS and to seek recovery for DSHS and for their Relator portions as delineated in RCW 74.66.070.

1.8. Defendant A Brief Counseling Center, P.S d/b/a Healthy Counseling Center (hereinafter "ABCC"), is a Washington corporation with its principal place of business located in Spokane County, Washington.

1.9. The acts of ABCC described in this Amended Complaint occurred in Spokane County, Washington and thus within the Eastern District of Washington.

1.10. Defendant Dr. Ray Smith (hereinafter "Smith"), was the Owner and Operating Officer of ABCC from at least 2015 to the present and caused or cooperated in causing hundreds of false claims to be submitted.

1.11. Defendant Smith has engaged and remains engaged in tortious activity in the Eastern District of Washington.

1.12. Defendant Holly Meginniss (hereinafter "Meginniss"), was a Licensed Mental Health Counselor Associate and provider at ABCC and caused, or cooperated in causing, hundreds of false claims to be submitted.

1.13. Defendant Meginniss has engaged and remains engaged in tortious activity in the Eastern District of Washington.

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 4

1.14. John Doe Meginniss, upon information and belief, is a resident of Washington. Upon information and belief John Doe Meginniss is a shareholder of ABCC or has a community interest in shares of ABCC and has knowingly or recklessly received proceeds from the tortious and illegal acts outlined below, disregarding corporate formalities.

1.15. Defendant Theodore Sneed (hereinafter "Sneed"), was a licensed provider at ABCC and caused, or cooperated in causing, hundreds of false claims to be submitted.

1.16. Defendant Sneed has engaged and remains engaged in tortious activity in the Eastern District of Washington.

1.17. Jane Doe Sneed, upon information and belief, is a resident of Washington. Upon information and belief Jane Doe Sneed is a shareholder of ABCC or has a community interest in shares of ABCC and has knowingly or recklessly received proceeds from the tortious and illegal acts outlined below, disregarding corporate formalities.

1.18. Defendant Patrice Gryphon-Codd (hereinafter "Codd") was an Advanced Registered Nurse Practitioner and provider at ABCC and caused, or cooperated in causing, hundreds of false claims to be submitted.

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 5

1.19. Defendant Codd has engaged and remains engaged in tortious activity in the Eastern District of Washington.

1.20. John Doe Gryphon-Codd, upon information and belief, is a resident of Washington.   Upon information and belief John Doe Gryphon-Codd is a shareholder of ABCC or has a community interest in shares of ABCC and has knowingly or recklessly received proceeds from the tortious and illegal acts outlined below, disregarding corporate formalities.

1.21. Defendant Heather Brown (hereinafter "Brown") is currently listed as being a licensed mental health counselor and is currently treating patients at ABCC and has caused or is cooperating in causing false claims to be submitted.

1.22. Defendant Brown's licensure in Washington State is currently pending.

1.23. Defendant Brown has engaged and remains engaged in tortious activity in the Eastern District of Washington.

1.24. John Doe Brown, upon information and belief, is a resident of Washington.  Upon information and belief John Doe Brown is a shareholder of ABCC or has a community interest in shares of ABCC and has knowingly or recklessly received proceeds from the tortious and illegal acts outlined below, disregarding corporate formalities.

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 6

1.25. John/Jane Does 1-99 are employees of ABCC who participated in the acts and causes of action alleged below, on behalf of themselves and ABCC and other Defendants.

1.26. All acts and omissions by individual Defendants were committed on behalf of and for the benefit of their respective marital communities.

1.27. Jane Doe Smith, upon information and belief, is a resident of Washington. Upon information and belief Jane Doe Smith is a shareholder of ABCC or has a community interest in shares of ABCC and has knowingly or recklessly received proceeds from the tortious and illegal acts outlined below, disregarding corporate formalities.

1.28. Defendant Matthew Arquette d/b/a/ Arquette Business Solutions (hereinafter "Arquette") is a Washington sole proprietorship that conducted fraudulent business practices in Washington state and the Eastern District of Washington.

1.29. No immunity applies in this action to ABCC.

1.30. No immunity applies in this action to any agent of ABCC.

## II. **JURISDICTION AND VENUE**

2.1. This Court has jurisdiction over this action under 31 U.S.C. § 3730 and 31 U.S.C. § 3732, 31 U.S.C § 3130(h), and 28 U.S.C § 1367.

2.2.  This civil action seeks the recovery of damages, civil penalties and disgorgement of monies obtained by ABCC as a result of violations of the Federal False Claims Act, 31 U.S.C. §§ 3729-3733, and other violations of the common law which support the causes of action for unjust enrichment and/or other legal and equitable remedies that are unavailable to this Court under the Federal False Claims Act, 31 U.S.C. §§ 3729-3733, and state law causes of action.

2.3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 31 U.S.C. § 3732(a).

2.4.  Pursuant to 28 U.S.C. § 1331, jurisdiction is proper, as questions arising under federal law are presented.

2.5.  Pursuant to 28 U.S.C. § 1367, supplemental/pendant jurisdiction over pendant state law claims is proper, as these claims arise from a common nucleus of operative facts as the federal claims over which this Court has original jurisdiction under 28 USC §1331.

2.6.  This Court, under supplemental/pendant jurisdiction, has jurisdiction over DSHS/Relator claims under RCW 74.66.010 et seq. and state whistleblower claims under RCW 74.66.090 et seq.

2.7.  Venue is proper in the Eastern District of Washington under 28 U.S.C. § 1391(b), (c) and 31 U.S.C. § 3732 (a).   At all times material hereto, the

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 8

Defendants were located and transacted business in the Eastern District of Washington, which is their principal places of business.

## III.  <u>FACTUAL ALLEGATIONS</u>

3.1.  Simplified was contracted by Smith of ABCC in April of 2018.

3.2.  Simplified was contracted to provide a billing service to ABCC.

3.3.  Simplified was contracted by the Defendants because ABCC's prior billing service, Arquette Billing, upon information and belief had been improperly and fraudulently billing insurance companies, DSHS, the United States, other Washington state agencies, and committing other financial misconduct.

3.4.  After ABCC hired Simplified, Simplified requested insurance contracts and other billing documentation from ABCC.

3.5.  But the meager documentation ABCC produced for Simplified was both sparse and incomplete.

3.6.  Relators Higdon and Bakken have training and experience in medical billing. During their contractual employment with ABCC in Spokane County, Washington, Higdon and Bakken learned that ABCC, independently and with the assistance of the individually named Defendants, presented false or fraudulent claims to the United States of America (hereinafter "United States") and Washington state including, but not limited to, the following:

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 9

3.6.1    ABCC both fraudulently billed the United States for services not rendered and overbilled for services rendered in violation of ABCC's contract with its patients, insurance carriers, state Medicaid, and with the United States and its agencies.

3.6.2    ABCC and the individual Defendants fraudulently double billed the United States and Washington State for services in violation of ABCC's contract with patients and insurance carriers.

3.6.3    ABCC fraudulently billed the United States for services provided by Smith, even though less-experienced providers provided the services. In this billing the individual Defendants cooperate, and in some instances, double billed for these services.

3.6.4    Upon information and belief, associates of Defendants Smith -the individual Defendants and ABCC also engaged in similar double billing, up-charging, over-charging, refusal to refund properly owing refunds, and charging the United States and Washington State for increased rates, counseling rates, for lesser trained professional and associates, and in some instances, also charging for both professionals' time.

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 10

3.6.5   All acts of ABCC, the individual Defendants, its agents, and its employees described in this Complaint, were committed with either actual knowledge of the fraudulent activity, with deliberate ignorance of the truth or falsity of the information supplied to the United States and Washington state, or with reckless disregard as to whether the United States or Washington state was being defrauded.

3.7.   In April of 2018, Simplified reviewed the available documentation and discovered that the ABCC providers actively engaged in the double billing and other misconduct, were not independently licensed while working under Smith's supervision.

3.8.   Simplified and the individual Relators also identified that ABCC's previous billing service, Arquette Billing, had been fraudulently submitting claims of providers to private insurance and both the state and federal government agencies.

3.9.   The claims ABCC, its agents, and the individual Defendants submitted to insurance companies, the United States, the Department of Health and Human Services Centers for Medicare and Medicaid Services, and the Department of Social and Health Services had the rendering providers' National Provider

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 11

Identification (NPI) number removed and replaced with the supervising provider's, Smith's, NPI number.

3.10.   Agents and/or employees of ABCC, and the individual Defendants intentionally switched the NPI numbers to increase the billed amounts.

3.11.   Duplicate, additional, and supplemental fraudulent claims were also submitted on behalf of ABCC for an 'associate' biller without an NPI number to make the tracking of who was being paid (or double paid) for services more difficult for the United States, Washington state, DSHS, or any person or entity investigating misconduct. The individual Defendants cooperated and participated in these frauds.

3.12.   Simplified notified Smith, as an individual provider and agent/officer/owner of ABCC, of these errors and informed him that the proper procedure would be to refund any insurance carriers, state Medicaid, or federal government agency that provided payment.

3.13.   But ABCC did not comply with any required procedures.

3.14.   ABCC did this to facilitate fraudulent billing.

3.15.   In April of 2018, Simplified and the individual Relators also discovered that more federal and state claims were being double billed by Smith and the other named Defendants.

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 12

3.16.  All Defendants knowingly submitting claims twice, once under the rendering provider and again under the supervising provider with the same dates of service.  Each claim was billed twice for identical services.  Both the provider and the doctor were billing all entities for the same 'time' with the patient and for the same services.

3.17.  Defendant Sneed had his Psychology License suspended on September 12, 2017 by Matthew R. Herington, a Health Law Judge, due to a finding by the California Psychology Board that Sneed had engaged in dishonest and fraudulent billing practices in California that also would have violated RCW 18.130 and RCW 18.180(1), (5), and (13).

3.18.  While Sneed's license was suspended, he billed Medicare, Medicaid, and other federal/state entities fraudulently as a licensed counselor; he was not a licensed counselor.

3.19.  Upon information and belief, Smith fraudulently billed for services Sneed performed during his suspension.

3.20.  Smith, a psychiatrist, intentionally and fraudulently billed for services Sneed performed as an unlicensed psychologist, whose license was suspended for billing fraud.

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 13

3.21.  Sneed and Smith billed for services not performed, up coded bills, billed for the wrong services, double-billed, and actively hid these activities from both federal and state healthcare payors.

3.22.  Defendant Patrice Gryphon-Codd (hereinafter "Codd") double-billed, up-billed, up-coded, and billed for services not performed or not medically/psychologically appropriate both through herself and through Smith and ABCC.

3.23.  Dr. Smith needed a supervising provider to bill Tricare as a D.Min.

3.24.  In billing to Tricare, Smith was utilizing an outside physician, with no connection or affiliation to him, as a supervising physician to get fraudulent claims by Tricare.

3.25.  In fact, no physician supervised Smith as required by Tricare.

3.26.  All Defendants in this action engaged in credentialing fraud, false statements in their credentials to support fraudulent bills.

3.27.  Smith fraudulently disclosed supervisors who were not in fact supervising him that did not know that they had been disclosed to Tricare and other federal agencies.

3.28.  Defendant Brown is not a licensed psychologist in Washington state.

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 14

3.29. Defendant Brown is currently advertised as a licensed mental health counselor, treats patients, and upon information and belief bills as a licensed mental health counselor, but does not have a valid license in Washington.

3.30. Simplified and the individual Relators also identified that claims were being submitted for dates of service that did not have corresponding patient appointments.

3.31. The appointments never took place, but Defendants still submitted bills for payment to Washington DSHS, the United States, and particularly the Department of Health and Human Services Centers for Medicare and Medicaid Services.

3.32. Simplified notified Smith of these discrepancies. And Simplified again, requested Smith issue refunds to the insurance companies, patients, DSHS, and the United States that were fraudulently billed.

3.33. Simplified was not contractually authorized to issue refunds without Smith's consent and had no access to Smith's, nor any other Defendants', funds.

3.34. Simplified and the individual Relators, discovered that Defendant Meginniss' collections increased exponentially from September 2017 through December 2017, while her patient load had not reflected the same increase. The

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 15

increase was due to the Defendants' false and fraudulent billing practices imposed on Medicare and Medicaid and Washington State Insurance Funds.

3.35.  In May of 2018, Simplified compiled a list of claims needing to be written off. These claims could not be re-billed because the associate providers were not contracted with the insurance plans or with Medicare/Medicaid/Washington State Insurance.

3.36.  This list compiled by Simplified also included claims that were fraudulently billed (and in some cases double billed) as services rendered by Smith rather than the rendering provider.

3.37.  Simplified recommended that Smith and ABCC review the overbilled accounts and issue refunds as appropriate.

3.38.  Smith gave his consent to write-off some of the claims, but refused to review or refund claims to patients, insurance companies, Medicare/Medicaid, the United States, or Washington State Insurance that were fraudulently billed, despite acknowledging that the bills were fraudulent and acknowledging refunds were due.

3.39.  In May of 2018, Simplified, through the individual Relators, met with ABCC, Smith, the associate providers, and staff to advise them on previous billing issues, update them on current billing procedures, and inform them of their current

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 16

contracting issues and limitations for scheduling patients with insurance plans/government health plans for which the providers were not contracted to bill.

3.40. After the meeting, Defendant Meginniss contacted Simplified regarding her frustration about these new corrected billing procedures. Meginniss indicated that she would like Simplified to continue to bill the fraudulent way claims were being billed previously and she stated that the insurance companies/government health providers "would not know the difference" i.e. would not detect Defendants' ongoing fraud.

3.41. Simplified did not comply with this request and instead, terminated its contract with ABCC for breach by Defendant and initiated this Qui Tam action under federal and state law.

3.42. Evie Codd began employment at ABCC as an intern in June of 2018.

3.43. In June of 2018, Simplified learned Smith was having Ms. Codd see patients and Smith billing the claim as though he had seen the patient.

3.44. Shortly after Meghan Anderson quit working for ABCC, she stated in a telephone conversation to Simplified that Smith had advised the associates not to sign their patient notes, so he could sign them and the claims could be billed at a higher rate with him as the provider.

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 17

3.45.  In August of 2018, Simplified received telephone calls from patients reporting that they were receiving explanations of benefits (hereinafter "EOB") charging their insurance for services with providers the patient didn't see.

3.46.  Patients also reported that the billing to their insurance was for the treating provider that they did see, and for the provider they didn't see, for the same date of service.

3.47.  Again, Simplified notified Smith of this error in his billing as to private insurance and Medicare/Medicaid and Washington State health plans.

3.48.  Due to the errors in billing and the payment accounts always being in Smith's favor, Simplified requested the bank statements of Smith and ABCC from Smith.

3.49.  Smith declined to provide his bank statements.

3.50.  Smith declined to provide a refund to any patients, health insurance provider or state or federal government agency/department.

3.51.  In September of 2018, ABCC and other Defendants were in breach of their contract with Simplified based on: 1) failure to issue proper refunds; 2) fraudulent/false billing practices of ABCC; 3) Smith and others withholding financial information on monies collected; 4) Smith and other Defendants withholding claims' details thus preventing timely and accurate billing by

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 18

Plaintiffs; 5) Smith and other Defendants breached the contract by failing to refund fraudulent billing; 6) Defendants billed and double billed the United States Government insurances and private insurance for licensed and un-licensed providers.

3.52. Relators Higdon and Bakken increasingly gained knowledge of Defendants' fraud as they saw repeated errors in ABCC billing compared to the actual services being rendered.

3.53. Defendants violated RCW 74.66.070 by:

3.53.1   Knowingly presenting and causing to be presented, a false or fraudulent claim for payment or approval;

3.53.2   Knowingly making, using, and causing to be made and used, a false record or statement material to a false or fraudulent claim;

3.53.3   Conspiring together with other Defendants and other person/entities to be named to violate RCW 74.66.020 subsection (1);

3.53.4   Conspiring and knowingly failing to issue refunds to DSHS (and the United States) when made aware that such refunds were due and lawfully owing to correct intentional, grossly negligent, and recklessly fraudulent billing practices;

3.53.5    Defendants had possession of Medicaid/DSHS funds, and knowingly failed to refund sums that Defendants knew should have been returned to the government as it had been fraudulently billed and fraudulently collected in violation of RCW 74.66.020.

3.54.    Defendants violated RCW 74.66.020 by "upbilling", double billing, billing for services not performed, failing to control or adequately supervise their prior billing employees/agents to prevent fraud, failing to return wrongfully collected funds, lying and misrepresenting services performed, billing the government for services already paid for by other government insurances, by private insurance, and for services not performed at all or performed only partially or with fraudulently up-charged services and time for services, or under fraudulently up-charged amounts of billable time. All of this violates RCW 74.66.020 (a)-(g) and federal law.

3.55.    Detailed information on these frauds by Defendants is contained in the preliminary and supplemental disclosures. The documents contained within those disclosures are hereby incorporated into this Amended Complaint by reference.

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 20

## IV.  **FEDERAL CAUSES OF ACTION**

### A.    Qui Tam – Federal False Claims Act, 31 U.S.C. §§3729-3737.

4.1.  Plaintiffs reallege and incorporate by reference paragraphs 1.1 through 3.55 of this Amended Complaint as if fully set forth herein.

4.2.  Based upon the above-described acts and statements, Smith, Meginniss, Sneed, Codd, Brown, Arquette, Jane Doe Smith, Does 1-99, and ABCC knowingly presented or caused others to present, to officers, employees, agents, branches and divisions of the United States, false or fraudulent claims/ false records and statements in the form of fraudulently billed patient claims, to obtain payment or approval in violation of the Federal False Claims Act, 31 U.S.C. §§ 3729-3733.

4.3.  By virtue of the above-described acts, Smith had personal knowledge of fraudulent billing practices, failed to remedy or disclose those fraudulent billing practices, and as a result ABCC, Smith, and the other Defendants were paid and retained monies to which they were not entitled, unlawfully depriving the United States of monies and services.

4.4.  By obtaining funds and retaining funds improperly paid by the United States for services either not rendered, rendered incompletely, double-billed, up-charged, up-coded, rendered while misrepresenting credentials, failing to issue

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 21

proper refunds on all of the above to state and federal medical paying entities, Smith, Meginniss, Sneed, Codd, Brown, Arquette, Jane Doe Smith, Does 1-99, and ABCC unjustly enriched themselves at the expense of the United States and are therefore liable to account and pay the United States pursuant to the Federal False Claims Act, 31 U.S.C. §§ 3729-3733.

4.5.  The United States incurred damages as a result of Defendants' fraudulent acts.

4.6.  Defendants acted knowingly, with a reckless disregard and deliberate ignorance of the truth with knowledge of the falsity of claims, records, statements, bills, and documents submitted to the United States, and conspired to defraud the United States through false and fraudulent claims and by failing to refund the United States and retaining monies for services not rendered or incurred by Smith, Meginniss, Sneed, Codd, Brown, Arquette, Jane Doe Smith, Does 1-99, and ABCC.

**B.    Qui Tam – 31 U.S.C. § 3730(h) Relief from Retaliatory Action.**

4.7. Pursuant to 31 U.S.C. § 3730, Relators assert an action for qui tam retaliation based on Defendants' retaliatory breaches of Relators' contract and damaging them.

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 22

# V. STATE LAW CLAIMS RELATED TO QUI TAM RETALIATION

## A.    Breach of Contract.

5.1.  The Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 4.7 of this Amended Complaint as if fully set forth herein.

5.2.  A contract existed between ABCC and Simplified Practice Solutions.

5.3.  ABCC breached the contract through, *inter alia*, the acts of its agent Smith listed above.

## B.    Unjust Enrichment.

5.4.  The Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 5.3 of this Amended Complaint as if fully set forth herein.

5.5.  ABCC retained monies justly belonging to Simplified Practice Solutions for services rendered.

5.6.  ABCC retained these monies in retaliation of Simplified trying to correct ABCC's fraudulent activity.

5.7.  These monies were properly collected and paid to Defendants from private insurance.

5.8.  ABCC's retaliatory retention of these monies under these circumstances is unjust.

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq, *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 23

5.9.   Simplified Practice Solutions is entitled to restitution and damages for the monies unjustly and inequitably retained by ABCC.

## C.    RCW 74.66.010 et seq. MEDICAID QUI TAM IN FAVOR OF DSHS

5.10.   The Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 5.9 of this Amended Complaint as if fully set forth herein

5.11.   Relators Higdon, Bakken, and Simplified on behalf of DSHS and themselves in a corporate and individual basis, hereby assert a State of Washington cause of action under RCW 74.66.010 et. seq.

5.12.   Relators have complied with RCW 74.66.050 and assert all Relators rights granted to them under RCW 74.66.050 and the whole of RCW 74.66.010 et seq.

5.13.   Relators and DSHS seek recovery of all remedies for DSHS, all remedies owed under RCW 74.66.020, including double the damages sustained by DSHS, the Attorney General, litigation costs, DSHS and Attorney General's fees, pre and post judgment interest, and penalties as authorized under RCW 74.66.010 et. seq., but particularly RCW 74.66.020(1).

5.14.   Under RCW 74.66.070 et. seq., but particularly RCW 74.66.070, Relators seek the statutorily authorized percentages of the proceeds of any

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. QUI TAM FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID QUI TAM RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 24

settlement, payment, or judgment as well as attorney fees, expenses and costs, as authorized by RCW 74.66.070.

**D.**  **RCW 74.66.090-WHISTLEBLOWER RELIEF AGAINST ALL DEFENDANTS**

5.15.  Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 5.14 of this Complaint as if fully set forth herein

5.16.  Relators were a contractor or agent(s) of Defendants.

5.17.  Relators were threatened, harassed, and their contract was breached due to their lawful acts in attempting to stop Defendants from violating RCW 74.66.010 et. seq.

5.18.  Relators seek two times back pay compensation for special damages incurred, as well as litigation costs, reasonable attorney fees and all relief available under RCW 49.60.030(2) including punitive damages.

## VI.  **RELIEF REQUESTED**

WHEREFORE, the Plaintiffs/Relators pray for relief as follows:

6.1.  For an award to the United States in the amount to be determined by the Court for three (3) times the damages arising from the false or fraudulent claims and penalties;

6.2.  For an award split between Higdon, Bakken, and Simplified of an appropriate percentage as authorized and determined by 31 U.S.C. § 3730 for

damages, penalties, costs, and attorney fees awarded to the United States arising from the false and fraudulent claims asserted in this and all subsequent actions against these Defendants which have been consolidated in this action;

6.3. For an award of civil penalties pursuant to 31 U.S.C. §3729 of additional civil penalties for each fraudulent act;

6.4. For pre and post-judgment interest on all damages;

For the Relators', all remedies and penalties granted under 31 U.S.C. § 3729 et seq. including the United States' investigation, costs, and fees, as well as the Relators' reasonable attorney fees and other costs as allowed or otherwise recoverable under the Court Rules and/or any other applicable federal statute, code or regulation, and in particular, but not limited to, 31 U.S.C. §§ 3729 - 3733;

6.5. For such other and further legal and equitable relief as is just and equitable in the case;

6.6. For all damages related to ABCC's breach of contract and all equitable monies owing to Relators in their individual and corporate capacity;

6.7. For attorney fees under the private attorney general doctrine and wages, profits, and damages related on termination due to public policy;

6.8. For all remedies available to relators under 31 U.S.C. § 37030(h) for Qui Tam retaliation;

6.9.  DSHS and Relators seek all remedies available under RCW 74.66.010 et. seq. and under Washington common law for Medicaid fraud;

6.10.  Relators seek all remedies and relief available under RCW 74.66.090, and through RCW 74.66.090 remedies authorized under RCW 49.60.030(2) and all federal law remedies included therein;

6.11.  For punitive damages under RCW 74.66.090 as the Whistleblower relief statute authorizes relief under RCW 49.60.030(2) which in turn authorizes and incorporates punitive damages for Whistleblower relief under 42 U.S.C. §3613; and

6.12.  For such other and further relief as the Court deems legal, equitable and just.

## VII.  JURY DEMAND

Plaintiffs hereby request a jury trial in this matter.

DATED this __15th__ day of January 2020.

### BESTLAW PLLC

By: __/s/ RYAN M. BEST__
        RYAN M. BEST, WSBA No. 33672
        BESTLAW PLLC
        905 W. Riverside Avenue, Suite 409
        Spokane, Washington 99201
        Attorney for Plaintiffs

PLAINTIFFS' AMENDED COMPLAINT FOR 31
USC §3129 et seq. *QUI TAM* FALSE CLAIMS
/RETALIATION/RCW 74.66.090 et seq.,
WASHINGTON MEDICAID *QUI TAM* RCW
74.66.090 et seq., WHISTLEBLOWER RELIEF AND
OTHER RELIEF AND JURY DEMAND - 27